IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**BENNY LEWIS EDWARDS,**

    Plaintiff,

vs.                                       Case No. 5:02cv341-MCR/WCS

**J. COKER and J. HOLDEN,**

    Defendants.

_____/

## ORDER SCHEDULING EVIDENTIARY HEARING AND PRE-TRIAL PROCEDURES

This case is before the undersigned upon referral from United States District Judge Rodgers. Doc. 63. The extended discovery period is now closed. Doc. 62. Both parties are represented by counsel, docs. 30 and 53, and neither party has demanded a jury trial; thus, a bench trial will be scheduled. Title 28 U.S.C. §636(b)(1)(B) authorizes the nonconsensual referral to magistrates for a hearing and recommended findings of fact in prisoner cases challenging the conditions of confinement. McCarthy v. Bronson, 500 U.S. 136, 111 S.Ct. 1737, 114 L.Ed.2d 194 (1991). Such referral has been made by Local Rules 24(G) and 25(C).

**Scheduling**

Counsel shall communicate as to possible dates for scheduling the evidentiary hearing and shall contact chambers of the undersigned with two or three possible dates

on or before **May 20, 2005**.  It is assumed that the evidentiary hearing will take no longer than two days; however, counsel shall advise if that assumption is incorrect.  Further, in light of the age of this case, the evidentiary hearing should take place no later than September 15, 2005.

**Witness testimony**

An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot come to Court unless this Court orders the warden or other custodian to permit the witness to be transported to Court by issuing a writ of habeas corpus ad testificandum.  A writ will be issued for Plaintiff so no motion need be filed to secure Plaintiff's own attendance.

A.  VOLUNTARY WITNESSES

This Court will not issue a writ for an inmate witness (other than Plaintiff) unless it is satisfied that the inmate witness is willing to attend <u>and</u> has actual knowledge of relevant facts.  The inmate's willingness to testify can be shown in one of two ways.  The party wishing to call the witness may submit the affidavit of the witness, in which the witness states he is willing to testify without being subpoenaed.  Alternatively, the party may swear by affidavit that the prospective witness has indicated he is willing to testify voluntarily.  The affidavit must indicate when and where the witness communicated this willingness.

The prospective witness's actual knowledge of relevant facts can likewise be shown either by affidavit of the witness describing the relevant facts to which he was an eye-witness or an ear-witness, or by affidavit of the party requesting the witness.  The party may submit his own affidavit only if he has actual first-hand knowledge that the

witness was an eye-witness or ear-witness to the relevant facts. For example, if an incident occurred in the plaintiff's cell and, at the time, the plaintiff saw that a cellmate was present and observed the incident, the plaintiff may swear to the cellmate's ability to testify. Whether the affidavit is made by the party or the prospective witness, it must be specific about what the incident was, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

A party intending to introduce the testimony of incarcerated witnesses who have agreed voluntarily to attend the trial must file a written motion along with their narrative statement asking the Court to issue a writ to secure the attendance of the witness. The motion must state the name and place of confinement of each such witness and be accompanied by the affidavits of willingness and relevancy described above. If the motion is granted the Court will issue the writ necessary to cause the witness's custodian to bring him to Court. 28 U.S.C. § 2241(c)(5). The Court has the authority to deny the presence of witnesses who will be giving irrelevant, repetitive, or unnecessary testimony, or who are threats to security.

B. INVOLUNTARY WITNESSES

An involuntary witness is one that will not attend the hearing without a subpoena. Since both parties are represented by counsel, they are able to serve subpoenas without application to the Court. Nevertheless, if an inmate witness refuses to attend trial voluntarily, then the inmate must be subpoenaed and the Court must issue a writ of habeas corpus ad testificandum. Thus, to secure the presence of an involuntary inmate witness, the parties must follow the procedure outlined above (for inmate witnesses) to

Case No. 5:02cv341-MCR/WCS

demonstrate that the witness has actual knowledge of relevant facts, and submit it with a motion, indicating the name and address of the inmate, seeking issuance of a writ of habeas corpus. 28 U.S.C. § 2241(c)(5). An involuntary inmate witness is not entitled to receive either a witness fee or mileage costs. 28 U.S.C. § 1821(f). Failure to comply with the foregoing procedures for obtaining attendance of witnesses will result in the exclusion of the witness's testimony.

If new evidence (witnesses or documentary) is discovered after the narrative statements are filed, the party desiring to use the same shall immediately furnish to the Court and to the opposing party complete details thereof, together with the reason for the late discovery. Use of such evidence or witnesses shall then be allowed only by order of the Court.

Accordingly, it is

**ORDERED:**

1. An evidentiary hearing will be scheduled before the undersigned United States Magistrate Judge, United States Courthouse, Magistrate's Courtroom, 111 N. Adams Street, Tallahassee, Florida. Two days will be reserved. Counsel must contact the office of the undersigned to schedule a date and time for the evidentiary hearing on or before **May 20, 2005**.

2. No motion filed after the date of this order will be grounds for non-compliance with any other requirement of this order. The parties will be expected to comply with this order as fully and to the same extent as though no such motion had been filed.

3. To take the place of a pretrial conference, on or before **June 10, 2005**, Plaintiff shall file the following:

A. A narrative written statement of the facts that will be presented on his behalf through oral or documentary evidence at trial, certifying any facts or issues which have been stipulated.

B. A list of all exhibits he will offer into evidence at the trial of the case, and shall furnish counsel for Defendants with a copy of each exhibit.

C. A list of the names and addresses of all the witnesses whom Plaintiff intends to call and a succinct summary of the expected testimony of each of those witnesses.

D. If any of the witnesses are inmates, the narrative written statement must be accompanied by a motion for writ of habeas corpus as described in this order.

E. Any proposed jury instructions.

F. Plaintiff shall serve upon opposing counsel a complete copy of all of the foregoing, and shall include in the original document filed with the Clerk of the Court a certificate stating the date a true and correct copy was mailed to opposing counsel. Failure to file a pretrial narrative may result in a cancellation of the evidentiary hearing and a recommendation of dismissal for failure to prosecute. Defendants shall notify the Court if Plaintiff fails to fully comply with this order.

4. On or before **July 11, 2005**, Defendants shall serve upon Plaintiff and file:

A. A narrative written statement of the facts that will be presented on their behalf through oral or documentary evidence at the hearing, certifying any facts or issues which have been stipulated.

B. A list of all exhibits they will offer into evidence at the evidentiary hearing and shall furnish Plaintiff with a copy of each exhibit.

   C.  A list of the names and addresses of all the witnesses whom Defendants intend to call, and a summary of the expected testimony of each of those witnesses.

   D.  If any of the witnesses are inmates, the narrative written statement must be accompanied by a motion for writ of habeas corpus as described in this order.

   E.  Any proposed jury instructions.

   F.  Defendants shall serve upon opposing counsel a complete copy of all of the foregoing, and shall include in the original document filed with the Clerk of the Court a certificate stating the date a true and correct copy was mailed to Plaintiff's counsel.  Plaintiff shall notify the Court if Defendants fail to fully comply with this order.

  5.  Failure of the parties to fully disclose in the pretrial narrative statement the substance of the evidence to be offered at trial will result in exclusion of that evidence at the trial.  The only exceptions will be (a) matters which the Court determines were not reasonably discoverable, (b) privileged matters, and (c) matters to be used solely for impeachment of a witness.

  **DONE AND ORDERED** on May 10, 2005.

              s/    William C. Sherrill, Jr.
              **WILLIAM C. SHERRILL, JR.**
              **UNITED STATES MAGISTRATE JUDGE**