**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**BENNY LEWIS EDWARDS,**

    Plaintiff,

vs.                                    Case No. 5:02cv341-MCR/WCS

**J. COKER and J. HOLDEN,**

    Defendants.

_____/

**O R D E R**

On May 9, 2005, this case was referred to me by District Judge M. Casey Rodgers, doc. 63, after the denial of Defendants' summary judgment motion due to a genuine dispute of material fact. Docs. 46, 47. This case had not yet been scheduled for a bench trial, but the parties had been directed to communicate about possible trial dates and were advised that due to "the age of this case, the evidentiary hearing should take place no later than September 15, 2005." Doc. 64, p. 2. In response to that order, Defendants promptly filed a demand for a jury trial. Doc. 65. This case is of the type in which the parties have a right to a jury trial under the Seventh Amendment as Plaintiff seeks damages to enforce a legal right. See, e.g., Curtis v. Loether, 415 U.S. 189, 193-95, 94 S.Ct. 1005, 1008, 39 L.Ed.2d 260 (1974); Waldrop v. Southern Co. Services,

Inc., 24 F.3d 152, 156 (11th Cir. 1994), *cited in* Burns v. Lawther, 53 F.3d 1237, 1240 (11th Cir. 1995).[1]

Defendants asserts that they "did not previously request a jury trial as part of their answer to Plaintiff's Complaint because the Court's Order directing service . . . required that a special report be filed by Defendants." Doc. 65, p. 1. That order, as argued by Defendants, also stated that no answer should be filed without permission of the Court." *Id.* Thus, Defendants contend they "have never filed a responsive pleading to Plaintiff's Complaint nor, absent a Court order, will a responsive pleading to Plaintiff's claims be filed in this case that would include Defendants' demand for a trial by jury." *Id.*, at 1-2.

"The federal rules provide that a party waives the right to a jury trial by failing to serve and file a jury demand within 10 days of service of the last pleading directed to such issue." United States Leather, Inc. v. Mitchell Mfg. Group, Inc., 276 F.3d 782, 790 (6th Cir. 2002), *citing* FED. R. CIV. P. 38. The Seventh Amendment right to a civil jury trial "is not absolute and may be waived if the request for a jury was not timely." Burns, 53 F.3d at 1240.

The standard procedure in this Court for prisoner civil rights cases challenging conditions of confinement is to direct the filing of a special report. This procedure avoids expensive and wasteful discovery practices, streamlines the discovery process, and allows speedier resolution of claims. That practice was employed here and on

---

[1] Plaintiff's third amended complaint alleged excessive and unnecessary use of force in violation of the Eighth Amendment of the United States Constitution and state law fort claims for assault and battery. Doc. 21. As relief, Plaintiff requested a declaratory judgment, compensatory damages and such "other relief as in [sic] may appear that Plaintiff is entitled." *Id.*, at 15-16. Plaintiff did not request a jury trial.

Case No. 5:02cv341-MCR/WCS

October 10, 2003, Defendants were directed to file a special report in response to Plaintiff's third amended complaint. Doc. 26. The order required Defendants to either file a motion to dismiss, if they determined Plaintiff had not exhausted administrative remedies, *or* a special report. *Id.* The Order set forth specific items to be included in the special report including defenses, copies of medical or disciplinary records, and the like. *Id.*, at 3. Additionally, as Defendants correctly state, the order provided that "[n]o answer, motion for summary judgment, or request for discovery shall be served or filed by any party without permission of the Court." *Id.*, at 4. Because the filing of the special report provides all of the information which would be included in an answer and gives Defendants the opportunity to present their defenses, arguments, and evidence supporting their defense, there is not usually another opportunity to file the traditional "answer." Defendants filed the special report on December 18, 2003, and the report and recommendation concerning the report (deemed a summary judgment motion) was entered on August 5, 2004. Doc. 46.

In retrospect, it would have been better for me to have directed Defendants to file an answer after the special report, converted to a motion for summary judgment, was denied. This would have provided a clearer opportunity to make a jury demand.

In Burns v. Lawther, *supra*, the Eleventh Circuit considered the narrow issue of whether a special report like the one in this case should be considered a "pleading" within the meaning of Rule 38(b), the rule governing jury trials as of right. 53 F.3d at 1240. There, the appellants did not demand a jury trial until nine months after the special reports were filed. *Id.* The district court held the demand untimely, but the Eleventh Circuit concluded that a "pleading" as defined by FED. R. CIV. P. 7 did not

Case No. 5:02cv341-MCR/WCS

encompass a special report.  *Id.*, at 1241.[2]  Thus, Defendants' demand for a trial by jury is timely.

It is appropriate for me to rule upon the jury trial question by order rather than by report and recommendation.  *See*, <u>United Steelworkers of America, AFL-CIO v. New Jersey Zinc Co., Inc.</u>, 828 F.2d 1001 (3rd Cir. 1987).  If Plaintiff objects to this ruling, he must file an objection within ten days after service upon him of this order.  Fed.R.Civ.P. 72(a).  The objection would be heard by the District Judge.

Accordingly, it is **ORDERED** that Defendants' request for a jury trial is timely.  Since the parties have not consented to trial before me, the Clerk is **DIRECTED** to refer this case to the District Judge for a jury trial.

**DONE AND ORDERED** on June 6, 2005.

        s/   William C. Sherrill, Jr.
        **WILLIAM C. SHERRILL, JR.**
        **UNITED STATES MAGISTRATE JUDGE**

---

[2] "Rule 7 clearly states that a pleading is (1) a complaint, (2) an answer, (3) a reply to a counterclaim, (4) an answer to a cross-claim, (5) a third-party complaint, or (6) a third-party answer."  <u>Burns</u>, 53 F.3d at 1241.  "No other pleading shall be allowed . . . ."  *Id., quoting* Rule 7(a).

Case No. 5:02cv341-MCR/WCS